**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 5, 2025**

# In the Court of Appeals of Georgia

A25A0130. THE STATE v. RIDLEY.

McFADDEN, Presiding Judge.

Daris Darnell Ridley filed a plea in bar to dismiss an accusation against him on the ground that the statute of limitation had run on the misdemeanor offenses with which he was accused. The trial court granted the motion, and the state appeals, arguing that the trial court incorrectly calculated the statute-of-limitation tolling period established by orders establishing and extending a statewide judicial emergency during the COVID-19 pandemic. We agree that the trial court incorrectly calculated the tolling period, so we reverse.

The state filed the accusation against Ridley on March 22, 2023, alleging that he had committed the offenses more than two years earlier, on January 13, 2021.

Generally, "[p]rosecution for misdemeanors shall be commenced within two years after the commission of the crime." OCGA § 17-3-1 (e). But

> on March 14, 2020, pursuant to OCGA § 38-3-62 and citing the public health emergency presented by the COVID-19 pandemic, [then-]Supreme Court of Georgia Chief Justice Harold Melton issued an order declaring a statewide judicial emergency. Among other things, the judicial emergency declaration suspended, tolled, extended and otherwise granted relief from any deadlines or time schedules in civil and criminal cases. The COVID-19 judicial emergency order[ was] subsequently extended several times.

*State v. Jones*, 371 Ga. App. 652, 654 (902 SE2d 210) (2024) (citation and punctuation omitted). The March 20, 2020 judicial emergency order and the orders extending it are available at https://www.gasupreme.us/court-information/court_corona_info/.

The dispute in this case centers on how long the applicable limitation period remained tolled under the judicial emergency orders. "[M]ost deadlines and other time schedules and filing requirements that had been suspended or tolled by the March 14, 2020 order" were reimposed effective July 14, 2020 by the Supreme Court's Fourth Extension Order. *State v. Phipps*, 372 Ga. App. 572, 573 (905 SE2d 329) (2024). However, that order stated that "[u]ntil grand jury proceedings are

2

generally authorized, statutes of limitation in criminal cases shall . . . remain tolled."
Id. (punctuation omitted). Later, in its Fifteenth Extension Order, the Supreme Court
stated that the judicial emergency would end as of June 30, 2021, at which time "all
deadlines not already reimposed [would] immediately be reimposed[.]" See *Phipps*,
372 Ga. App. at 573.

Ridley argues, and the trial court held, that the tolling period governing the
filing of accusations ended on July 14, 2020, because such filings do not involve grand
jury proceedings. This would mean that the two-year statute of limitation had been
reimposed and was in effect when Ridley was alleged to have committed the offenses
for which he is accused, and the state filed its accusation outside of that limitation
period.

The state, on the other hand, argues that the tolling period governing the filing
of accusations ended on June 30, 2021, because under the plain language of the Fourth
Extension Order the statutes of limitation in *all* criminal cases, including misdemeanor
cases brought by accusation, had been excepted from that order's July 14, 2020
reimposition of deadlines. See *State v. Smith*, 374 Ga. App. 381, 383 (___ SE2d ___)
(2025) (we look to the plain language of the judicial emergency orders in construing

them). This would mean that the state filed the accusation within the statute of limitation, because the state filed it less than two years after the tolling period ended on June 30, 2021.

In several recent decisions we have resolved this question in favor of the state, holding that "although the statute of limitation for misdemeanor offenses is generally two years, see OCGA § 17-3-1, the COVID-19 emergency orders tolled the statute of limitation in criminal cases from March 14, 2020, until June 30, 2021." *Smith*, 374 Ga. App. at 383 (citation and punctuation omitted). Accord *Phipps*, 372 Ga. App. at 573; *Jones*, 371 Ga. App. at 654-655. And in the most recent of those decisions, we expressly rejected Ridley's argument that only criminal cases involving grand jury proceedings remained tolled after July 14, 2020. See *Smith*, 374 Ga. App. at 383. Instead, we held that "we must give consideration to the actual language used by the Supreme Court of Georgia [and that] the wording of the orders does not limit the tolling of the statutes of limitations to felony proceedings or to those involving grand juries but, instead, the orders plainly and broadly toll the '[s]tatutes of limitation in *criminal* cases.'" *Smith*, 374 Ga. App. at 383 (emphasis in original).

Consequently, the two-year statute of limitation governing the charges against Ridley was tolled until June 30, 2021, and therefore did not expire until after the accusation was filed against Ridley on March 22, 2023. For this reason, the trial court erred in dismissing the accusation.

*Judgment reversed. Hodges and Pipkin, JJ., concur.*